UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTHONY L. KNUCKLES                                                            PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:16-CV-P442-CRS

CORRECT CARE SOLUTIONS *et al.*                                    DEFENDANTS

**MEMORANDUM OPINION**

      Upon filing the instant action, Plaintiff, who is proceeding *pro se*, assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

      Plaintiff filed this action on July 7, 2016. On August 8, 2016, the Clerk's Office received a letter from Plaintiff which indicated that he had been transferred from the Louisville Metro Department of Corrections to the Logan County Detention Center and wherein he asked the Court for legal advice (DN 6). The Clerk's Office responded to this letter by Memorandum dated August 9, 2016 (DN 7). However, on September 6, 2016, the United States Postal Service returned the Memorandum to the Court with the returned envelope marked "RETURN TO SENDER REFUSED UNABLE TO FORWARD" (DN 8). Over one month has passed without Plaintiff providing any notice of an address change.

      Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan*

*v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to file a notice of change of address, the Court concludes that he has abandoned any interest in prosecuting this case, and the Court will dismiss the action by separate Order.

Date: October 11, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4411.011